AMIR NASSIHI (SBN 235935)
anassihi@shb.com
KARA M. FLAGEOLLET (SBN 347646)
kflageollet@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. CARDIEL, an individual, and ADRIAN LUJAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-01160<br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Nissan North America, Inc. ("Nissan" or "Defendant"), hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1446, the claims pending as Case No. 30-2024-01438280-CU-BC-CJC in the Superior Court of California, County of Orange.

**I.    NATURE OF THE REMOVED CASE**

Plaintiffs Jose A. Cardiel and Adrian Lujan ("Plaintiffs") filed this civil action against Nissan in the Superior Court of California, County of Orange, on November 6, 2024. A true and correct copy of the Summons and Complaint is attached with Exhibit A to this Notice.

/ /

Plaintiffs assert causes of action under the Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). *See* Compl. (Ex. A), at ¶¶ 19-60.

Plaintiffs seek rescission of the purchase contract and restitution of all monies expended on the subject vehicle, as well as general, special, incidental, and consequential damages, and a civil penalty of up to two times the amount of actual damages. *See id.*, at Prayer for Relief (Ex. A).

On December 23, 2024, Nissan answered Plaintiffs' Complaint in the state action, a true and correct copy of which is attached as Exhibit B to this Notice. *See* Answer (Ex. B).

In the last 30 days, Nissan, through counsel, determined Plaintiffs' citizenships and that the reasonable and non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations renders this action removable. Nissan conducted an investigation into the amount in controversy, which included assessing the Retail Installment Sale Contract and the repair orders regarding the vehicle, in order to ascertain a supportable and credible amount to apply for the applicable mileage offset, as well as to deduct any manufacturer rebates, service contracts, GAP, and negative equity, to help ensure the amount in controversy estimates are not speculative. At the same time, Nissan conducted other investigation, including reviewing Plaintiffs' information contained in the subject vehicle's documents to credibly assert that Plaintiffs were not just "residents" of California, but in fact more likely than not domiciled in California and thus citizens of this State.

**II. NISSAN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

Under established Ninth Circuit precedent, if a plaintiff's complaint is "indeterminate" as to the basis for removability, a defendant may file a notice of removal based on its own information at any time within one year of commencement

of the action. *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)) (holding that a defendant does not have a duty of inquiry if the initial pleading is "indeterminate" as to removability). While a pleading or "other paper" served by a plaintiff that reveals the basis for removability triggers a 30-day deadline to remove, no such 30-day deadline applies when removability is determined based on a defendant's own documents and investigation. *See Gonzalez v. Nissan North America, Inc.*, No. 2:23-cv-01301-WLH-MAR, 2024 WL 2782102, *3 (C.D. Cal. May 29, 2024) ("This is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file.") (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)) ("[Plaintiff] is incorrect in asserting that because [defendant] *could have* ventured beyond the pleadings to demonstrate removability *initially* . . . it was therefore *obligated* to do so.").

After appearing in this case, Nissan secured information and documentation, including the Retail Installment Sale Contract for the vehicle that is the subject of this action ("Sales Contract"), showing that Plaintiffs purchased a 2023 Nissan Rogue (the "Subject Vehicle") for a total price of $54,043.92, as well as the repair orders. Counsel for Nissan investigated and reviewed these materials. Nissan also explored resolution options, and conducted other investigation. The result of Nissan's investigation, within the last 30 days, led to the conclusion that, by a preponderance of the evidence, a credible assessment of the amount in controversy exceeds $75,000. *See Roth*, 720 F.3d at 1125 ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation. . ."). Included in the analysis of the amount in controversy is a credible estimate of attorneys' fees that are no longer speculative to include given that it is unlikely there will be a prompt settlement at this stage of the case. *See Fritsch v.*

*Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (holding that future attorney fees are appropriate to include when they are not "too speculative because of the likelihood of a prompt settlement.").

Nissan files this Notice of Removal within 30 days after determining through its investigation that the amount in controversy reaches the minimum threshold. *See* 28 U.S.C. §1446(b)(1). This Notice of Removal is therefore timely.

Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Orange, and Nissan will serve a copy of this Notice of Removal on all parties to the state action.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists Between the Parties.

Removal under 28 U.S.C. § 1332 is appropriate because complete diversity of citizenship exists between Plaintiffs and Nissan.

Plaintiffs are citizens of California and residents of Los Angeles County. *See* Compl. (Ex. A), ¶ 2. Addresses listed on the vehicle documents support that Plaintiffs are domiciled in California, and therefore a citizen of this State.[1] *See Ghebrendrias v. FCA US LLC*, Case No. 2:21-cv-06492-VAP (PDx), 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (finding citizenship where purchase agreement and repair order listed a California address, and plaintiff did not deny he/she was a citizen of California). Additionally, Plaintiffs purchased the Subject Vehicle in California in 2023 and reside in the state as of the filing of the Complaint, which is evidence of their intent to remain in the California. *See Sungwoo Ahn v. Mercedes-Benz USA,*

---

[1] Per the Sales Contract, Plaintiff Adrian Lujan was a resident of Texas when the contract was executed.

*LLC*, E.D. Cal. Case No. 2:24-cv-10090-PA-SSC, Dkt. 8 at p. 3 ("[D]omicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode.")

At the time Plaintiffs commenced this action, Nissan was (and still is) a Delaware corporation with its principal place of business in Tennessee and, thus, for jurisdictional purposes, a citizen of those two states. This Court therefore has jurisdiction over this action under 28 U.S.C. § 1332 because the sole named defendant is a citizen of Delaware and Tennessee, while Plaintiffs are citizens of California.

### B. The Amount in Controversy Requirement Is Satisfied.

Based on the allegations in the complaint, the investigation undertaken, and the information provided with this Notice, a preponderance of the evidence shows that Plaintiff has placed more than $75,000 at issue. To determine the amount in controversy, a district court will consider whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests—or the court questions—the plausibility of the defendant's allegations. *Id.* at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the allegations are challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

A defendant does not "need to prove to a legal certainty that the amount in controversy requirement has been met." *Id.* at 88–89 (citing H.R. Rep. No. 112–10, p. 16 (2011)). Rather, the standard is preponderance of the evidence. Where a defendant shows that damages would exceed the threshold, "it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 888 (S.D. Cal. 2021) (citations omitted).

Based on the allegations in the complaint, the investigation undertaken, and the information provided with this Notice, a preponderance of the evidence shows that Plaintiff has placed more than $75,000 at issue. *See* Compl. (Ex. A). Plaintiff seeks "rescission of the purchase contract and restitution of all monies expended." *Id.*, at Prayer for Relief (Ex. A). Additionally, Plaintiff seeks consequential and incidental damages, civil penalties "in the amount of two times Plaintiff's actual damages," attorney's fees, prejudgment interest, and other relief as the Court may deem proper. *Id*.

Under the Song-Beverly Act, Plaintiff's potential damages for breach of warranty are "an amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b). Calculating applicable offsets is essential to establishing a non-speculative amount of "actual damages" in controversy for purposes of diversity jurisdiction in a Song-Beverly action. *See Jose Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5 (C.D. Cal. Jan. 3, 2025) ("Plaintiff surely alleges that the approximate value of the car is $36,538, this does nothing to inform Defendant of [] what the applicable mileage offset would be in this case. [citation] Without this information, Defendant has no clear notice of the value of the actual damages sought by Plaintiff."). The mileage offset is calculated by taking the number of miles driven before the first repair attempt divided by 120,000 and multiplying that figure by the vehicle's cash price. *See id.*; *see also Wickstrum v. FCA USA LLC*, No. 3:20-cv-00336-L-JLB, 2021 WL 532257, at *1–2 n.2 (S.D. Cal. Feb. 12, 2021) (outlining formula for mileage offset).

Here, Plaintiffs purchased the vehicle for $54,043.92. The total cash price of the Subject Vehicle—as identified only in the Sales Contract—is $39,910.70.

Plaintiffs purchased the Subject Vehicle with 8 miles on the odometer on January 5, 2023. On September 28, 2023, with 18,525 miles on the odometer, Plaintiffs first presented the vehicle to a dealership for repair. Thus, Plaintiffs' use of the Subject Vehicle prior to the discovery of the alleged nonconformity is 18,517 miles. Dividing this number by 120,000 and multiplying this by the cash price of the Subject Vehicle results in an estimated mileage offset of $6,158.55. Accordingly, the economic damages at issue here would be approximately **$40,711.37**.

Additionally, civil penalties under the Song-Beverly Act are properly included in the amount in controversy calculation once the actual damages are reasonably calculated—following deduction of offsets such as mileage offset and the other offsets detailed above. *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Civil penalties under the Song-Beverly Act are also not speculative since this case warrants consideration of civil penalties. *Zeto v. BMW NA*, No.: 20-cv-1380-GPC-KSC, 2020 WL 6708061, at * 4 (S.D. Cal. Nov. 16 2020) ("[C]ivil penalties are not speculative and should be included. . . . While courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and plaintiff requests that amount.").

A defendant need not establish that the penalties will be proved to demonstrate their application as amounts in controversy – only that they are placed at issue through plaintiff's allegations and actual damages is calculated. As the court in *Fang* explained, "[c]ontrary to Plaintiff's assertion, Ford is not required to present evidence that it willfully violated the Song-Beverly Act to include civil penalties in the damages calculation." *Fang v. Ford Motor Co.*, No. 1:22-CV-0561 JLT SAB, 2022 WL 3444715, at *7 (E.D. Cal. Aug. 17, 2022) (collecting cases); *see also Rodriguez v. Ford Motor Co.*, No. 5:22-cv-01056-SSS-MAAx, 2022 WL 4653660, at *5 (C.D. Cal. Sept. 30, 2022) (defendant is "*not* obligated to research, state, and prove the plaintiff's claims for damages").

Here, it is more likely than not that Plaintiff will pursue civil penalties in this action. Nissan's investigation concluded that the Subject Vehicle was presented for repair at least 4 times. Based on Nissan's counsel's prior experience, plaintiffs represented by the Quill & Arrow law firm pursue civil penalties when there are records of multiple repair presentations. Additionally, Plaintiffs attempted to contact Nissan directly at least once regarding the Subject Vehicle. Further, actual damages with deductions such as mileage offset have been reasonably assessed so as to allow civil penalty amounts to be calculated. Thus, it is non-speculative to consider civil penalties at stake in this matter and they may be considered in the amount in controversy. Plaintiffs' alleged actual damages are estimated at **$40,711.37**. (the purchase price of the Subject Vehicle less mileage deduction). Including even a conservative 1.0 times civil penalty brings the total amount in controversy to **$81,422.74.**

In addition to actual damages and civil penalties, the Song Beverly Act allows for the recovery of attorneys' fees. Cal. Civ. Code § 1794(d). The amount in controversy therefore includes a reasonable estimation of attorney's fees. *See Fritsch v. Switch Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in controversy requirement is met."). Based on Nissan's prior experience, a reasonable estimate of Plaintiff's attorneys' fees accumulated as of today's date is $7,500. Considering this amount with the non-speculative damages estimate, in addition to future attorneys' fees, the amount in controversy far exceeds $75,000.

In sum, based on Nissan's investigation, the available information reveals that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Should the Court require further proof of the amount in controversy, Nissan requests the ability to conduct jurisdictional discovery by interrogatories or

depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332.

## DEMAND FOR JURY TRIAL

Defendant Nissan North America, Inc. hereby demands a trial by jury on all issues that may be tried to a jury.

Dated: February 11, 2025        SHOOK, HARDY & BACON L.L.P.

By:   */s/ Amir Nassihi*
     Amir Nassihi
     Kara M. Flageollet

     Attorneys for Defendant
     NISSAN NORTH AMERICA, INC.